UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

DANIELLE SNOW,

    Plaintiff,

v.

JANET NAPOLITANO,

    Defendant.
_____/

Case No. 10-02530

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE DIANE K. VESCOVO

## ORDER AND JUDGMENT ADOPTING REPORT AND RECOMMENDATION [61] AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [38]

On April 26, 2013, Magistrate Judge Vescovo issued a Report and Recommendation ("R&R" [61]) recommending that Defendant's Motion for Summary Judgment [38] be granted on all claims. Plaintiff filed objections on May 18, 2013 [64] and Defendant responded [65] to Plaintiff's objections on June 3, 2013.

For the reasons stated below, the Report and Recommendation is ADOPTED. Defendant's Motion for Summary Judgment is GRANTED.

### I. Factual Background

The R&R contains a detailed explanation of the factual background of this case, and the Court adopts this general background as set out in the R&R in full.

### II. Standard of Review

This Court reviews objections to an R&R on a dispositive motion *de novo*. *See* 28 U.S.C. § 636(b)(1)(c).

1

Summary judgment is appropriate under Fed. R. Civ. P. 56(c)(2) where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that movant is entitled to judgment as a matter of law." The facts and all inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Abeita v. TransAmerica Mailings, Inc.*, 159 F.3d 246, 250 (6th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). A genuine issue for trial exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Once a moving party produces evidence establishing lack of a genuine issue of material fact, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id*.

### III. Analysis

Plaintiff provides objections to the R&R. The Court will review the objections in turn.

#### A. Timeliness of Complaints

Plaintiff's first objection is that the Magistrate Judge erred in finding that her claims of discrimination based on two disciplinary notices were untimely.

"An aggrieved person must initiate contact with [an Equal Employment Opportunity ("EEO") Counselor] within 45 days of the date of the matter alleged to be discriminatory." 29 CFR 1614.105(a)(1). A complainant must meet the deadline in order to sue under Title VII. *Benford v. Frank*, 943 F.2d 609, 612 (6th Cir. 1991). "To 'initiate contact', an employee must (1) contact an agency official logically connected with the EEOC process, even if that official is not an EEO

2

counselor; (2) exhibit an intent to begin the EEOC process; and (3) allege that an incident in question is based on discrimination." *Johnson v. Cohen*, 6 F. App'x 308, 311 (6th Cir. 2001).

On July 3, 2008, Plaintiff received an "employee counseling notice" ("the first notice") for carelessness. (Plaintiff's Objections to R&R at 6 [64]). On July 12, 2008, she was issued another counseling notice (" the second notice") for failure to follow instructions. (*Id*.). Finally, on July 23, 2008, Plaintiff's employment was terminated. (*Id*.). Plaintiff contacted an EEO counselor on September 4, 2008. (R&R at 11 [61]).

The Magistrate Judge recommended that the Court grant summary judgment to Defendant on Plaintiff's claims of gender discrimination and retaliation because she failed to contact the Equal Employment Opportunity Commission ("EEOC") within forty-five days of the alleged discrimination. The Magistrate Judge recommended denial of summary judgment on Plaintiff's retaliation claim based on her termination because it was timely submitted to the EEOC. (R&R at 14 [61]).

Plaintiff argues that all her claims were timely. She alleges that she reported gender discrimination to the Transportation Security Administration (" TSA") as early as April or May 2008, and complained about both notices in July 2008. (Depo. of D. Snow at 104 [51-8]). In the new affidavit filed with her objections, Plaintiff further contends that she spoke to Assistant Federal Security Director ("AFSD") Coggin on July 13, 2008 about the discrimination, notices, and retaliation. (Second Declaration of Danielle Snow at 2 [64-3]). Plaintiff argues that TSA must relay discrimination complaints to the EEOC, and, thus, her conversations with TSA supervisors "initiated contact" with an EEO counselor. Defendant asserts that TSA does not relay employee complaints

3

and that contact with TSA supervisors does not satisfy the requirement to contact the EEOC. (Defendant's Response to Plaintiff's Objections to R&R at 4 [65]).

Plaintiff did not timely "initiate contact" with an EEO counselor. Even if the TSA supervisors had passed on her discrimination and retaliation complaints, Plaintiff never expressed a desire to start the EEOC process. Plaintiff admits that she did not intend to make a formal complaint during her conversation with AFSD Coggin. She stated, "I do not consider this conversation [with AFSD Coggin] a formal complaint. . . ." (Second Declaration of D. Snow at 2 [64-3]). Thus, her version of the alleged conversation lacks any indication of intent to begin the EEOC process.

Since Plaintiff failed to meet all three prongs required to "initiate contact," the Magistrate Judge was correct in finding that Plaintiff's claims for gender discrimination and retaliation based on the counseling notices were untimely.

The Court will now consider whether equitable tolling of the statute of limitations is appropriate.

**1. Equitable Tolling**

A statute of limitations may be tolled for equitable considerations. *See* 29 CFR 1614.105(a)(2). Five factors are considered when determining whether tolling is appropriate: lack of actual notice; lack of constructive knowledge; plaintiff's diligence in pursuing his or her rights; absence of prejudice to the defendant; and plaintiff's reasonableness in remaining ignorant of the notice requirement. *EEOC v. Ky. State Police Dep't*, 80 F.3d 1086, 1094 (6th Cir. 1996). The factors are not exclusive, and a court shall decide equitable tolling on a case-by-case basis. *Leeds v. Potter*, 2006 WL 2860980, at *5 (S.D. Ohio 2006).

**i. Actual Notice**

"Actual knowledge occurs where an employee either learns or is told of his . . . [statutory] rights, even if he becomes only generally aware of the fact that there is a statute outlawing . . . discrimination . . . ." *Jackson v. Richards Med. Co.* 961 F.2d 575, 579 (6th Cir. 1992) (quoting *Kale v. Combined Ins. Co. of Am.*, 861 F.2d 746, 753 (1st Cir. 1988)).

The Magistrate Judge found that by taking the TSA civil rights course, Plaintiff received actual notice of the proper way to submit the EEOC discrimination complaints. (R&R at 11 [61]). Plaintiff alleges that she had no actual notice because it was unclear whether the EEOC informational posters outlining the process hung in the employee break room and that she does not remember the material presented in the course. (Plaintiff's "Corrected" Statement of Material Contested Facts [53]).

Since Plaintiff was informed about her rights during the civil rights course, she had actual knowledge even if the EEOC posters were absent.

**ii. Constructive Knowledge**

"Constructive knowledge, on the other hand, is 'attributed' to an employee in situations where he has retained an attorney . . . or where an employer has fulfilled his statutory duty by conspicuously posting the official EEOC notices that are designed to inform employees of their . . . rights . . . ." *Id.* (quoting *Kale*, 861 F.2d at 753).

The Magistrate Judge found that Plaintiff had constructive knowledge of proper complaint procedure from the EEOC posters hung in the employee break room. (R&R at 5 [61]). Plaintiff disputes this saying, "It is unclear that unobstructed posters were posted at 'all' times of Plaintiff's

5

employment and at various location at the Memphis International Airport during the Plaintiff's employment." (Plaintiff's "Second Corrected" Statement of Material Contested Facts at 3, Contested Fact 10 [57-3]).

Plaintiff was unrepresented by counsel when she submitted her complaint to the EEOC, but she does not deny that the posters were displayed. Since Plaintiff fails to present any evidence that the posters were absent, she is deemed to have had constructive knowledge.

### iii. Diligence

"[A]ffirmative representations by the employer that misled a Title VII complainant into missing a filing deadline are sufficient to toll the applicable Title VII period." *Steiner v. Henderson*, 354 F.3d 432, 436 (6th Cir. 2003). "The Court has allowed equitable tolling in situations where the claimant 'has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" *Id*. (quoting *Leake v. Univ. of Cincinnati*, 605 F.2d 255, 259 (6th Cir. 1979). In *Steiner*, the plaintiff sought equitable tolling because she actively sought a remedy instead of passively allowing time to pass. However, her efforts conflicted with Congress's will that employment discrimination claims be resolved through conciliation instead of litigation whenever possible. *Id*. at 437 (citing *Patterson v. McLean Credit Union*, 491 U.S. 164, 180-81 (1989)).

The Magistrate Judge did not address whether Plaintiff was diligent in pursuing her rights. Plaintiff argues that her complaints to five levels of TSA authority demonstrated her diligence. (Plaintiff's Complaint at 9, ¶ 28 [51-10]). Plaintiff claims that in January or February 2008, she complained about discrimination and preferential treatment to TSA manager Isaac Curry. (Witness Aff. of Cherisse Rogers at 178-79 [51-20]). She alleges that in April or May 2008, she reported preferential treatment to supervisors Walter Rodgers and Archie King. (Depo. of D. Snow at 104

6

[51-8]). At approximately the same time, she claims she complained of gender discrimination to Katherine Young, another TSA supervisor. (*Id.*). In July 2008, she alleges that she met with TSA supervisors Marcus Pierce and Jimmy Cooksey about the issues and complained to a third supervisor, McCarthy, at a town hall meeting. (EEOC Complaint of D. Snow at 79, ¶ 3 [51-18] and Depo. of D. Snow at 119-22 [51-8]). Plaintiff further alleges that she complained to AFSD Coggin both before and after her employment termination. (Second Declaration of D. Snow at 2 [64-3]). Lastly, she claims she contacted the EEOC on September 4, 2008. (Plaintiff's Objections to R&R at 23-24 [64]).

TSA never made affirmative representations that caused Plaintiff to miss the forty-five day deadline. Neither did TSA engage in misconduct or trickery to keep her away from the EEOC. Like the employee in *Steiner*, Plaintiff took active measures to protect her rights by complaining to her supervisors. However, in the absence of TSA wrongdoing, Congressional preference for conciliation over litigation calls for the determination that Plaintiff was not diligent. Therefore, Plaintiff is not entitled to equitable tolling.

### iv. Prejudice to Defendant

"[T]he absence of prejudice to the defendant employer 'is not an independent basis for invoking the doctrine [of equitable tolling]. . . .'" *Steiner* 354 F.3d at 437. (quoting *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984)).

The Magistrate Judge also did not address the prejudice prong. Plaintiff argues that Defendant would not suffer prejudice because she told her TSA supervisors about the discrimination. Also, she contends that her reliance on Defendant's reporting policy caused her to mistakenly skip the EEOC process.

Due to Plaintiff's inability to meet the other necessary prongs, absence of prejudice to TSA is insufficient to warrant equitable tolling.

### v. Reasonableness of Plaintiff's Ignorance

The Magistrate Judge found it unreasonable that Plaintiff did not know she had forty-five days to "initiate contact" with the EEOC. (R&R at 14 [61]). Plaintiff argues that it was reasonable for her to rely on TSA's written policy that required employees to report discrimination to supervisors. Plaintiff argues that TSA's rule conflicts with the EEOC policy which requires reports to its counselors. (Transportation Security Office (TSO) SV 1802-0 at 2, ¶ 6 [51-15]). Plaintiff further contends that as a new trial employee, she was unfamiliar with the reporting deadline.

Defendant argues that the reporting policies do not conflict. (Defendant's "Corrected" Motion for Summary Judgment [45]). Additionally, Defendant contends that TSO policy is silent as to the EEOC notification requirements, but directs employees to read the EEOC posters and take the civil rights course. (Plaintiff's "Corrected" Memo [52]).

Contrary to Defendant's contention, the Court concludes that the two policies do conflict, or at a minimum provide a reasonable basis for Plaintiff's ignorance of the EEOC statute of limitations. TSA's policy instructs employees to report discrimination to their supervisors. The EEOC requires employees to report to a counselor. Plaintiff was faced with two sets of rules that required different actions. Therefore, it was reasonable for her to follow the one most directly connected with TSA.

Although equitable tolling would not prejudice Defendant and Plaintiff's ignorance was reasonable, she did have actual notice and constructive knowledge and did not diligently pursue her rights. The Court finds that it is not equitable to toll the statute of limitations as to Plaintiff's

8

retaliation claim based on the two counseling notices or her gender discrimination claim. Accordingly, summary judgment on those claims is appropriate as recommended by the Magistrate Judge.

### B. Retaliation

The Court will now evaluate Plaintiff's remaining claim of retaliation based on employment termination.

#### 1. Direct Evidence

"In an action under Title VII, the plaintiff may prove unlawful retaliation by presenting direct evidence of such retaliation or by establishing a *prima facie* case under the *McDonnell Douglas* framework. Direct evidence is that evidence which, if believed, *requires* the conclusion that unlawful retaliation was a motivating factor in the employer's action." *Abbott v. Crown Motor Co.*, 348 F.3d 537, 542 (6th Cir. 2003). If a plaintiff lacks direct evidence, he or she must establish a prima facie case in order for the action to go forward. *Id*.

Plaintiff does not offer any direct evidence of unlawful retaliation. Accordingly, the Court will now consider whether she has sufficiently set forth a prima facie case.

#### 2. Prima Facie Case

To establish a prima facie case of retaliation, a plaintiff must show that he or she engaged in protected activity; the defendant employer knew about the protected activity; the defendant employer subsequently took adverse employment action toward the plaintiff; and a casual connection between the protected activity and the adverse employment action existed. *Abbott v. Crown Motor Co.*, 348 F.3d 537, 542 (6th Cir. 2003).

9

The Magistrate Judge found that Plaintiff did not establish a prima facie case nor rebut the non-discriminatory reasons for terminating her employment. Plaintiff argues that she has alleged enough facts about the work environment within TSA to make an inference of retaliation.

### i. Protected Activity

It is undisputed that Plaintiff's gender discrimination complaints were protected activities. New TSA employees go through a two year trial period, during which they can be fired for unacceptable performance. (R&R at 2 [61]). However, the reason for discharge cannot be discriminatory or retaliatory. (Plaintiff's "Second Corrected" Statement of Material Contested Facts at 2, Contested Fact 3 [57-3]).

### ii. Defendant's Knowledge

The Magistrate Judge found that Plaintiff had no evidence to rebut AFSD Coggin's affidavit that he did not know about the complaints when he fired her. (R&R at 17 [61]). Plaintiff claims that both Transportation Security Manager ("TSM") Jimmy Cooksey, the supervisor who recommended her employment termination, and AFSD Coggin, the supervisor who executed it, had knowledge of her complaints when they acted. Defendant claims both supervisors were ignorant. (R&R at 15-16 [61]).

Plaintiff claims she spoke with AFSD Coggin while she was still employed. (Plaintiff's "Corrected" Statement of Material Contested Facts [53]). AFSD Coggin admitted conversing with her, but did not say whether discrimination and retaliation were discussed. (Witness Aff. of Tim Coggin at 135 [51-11]).

After Defendant moved for summary judgment, Plaintiff added that the conversation was about her discrimination complaint. Thus, she argues that AFSD Coggin had knowledge and

retaliated by terminating her employment. (Plaintiff's "Corrected" Statement of Material Contested Facts at 6 [53]).

"A party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement (by, say, filing a later affidavit that flatly contradicts that party's earlier sworn deposition) without explaining the contradiction or attempting to resolve the disparity." *Phillips v. Tradesmen Intern., Inc.*, 2006 WL 2849779, at *6 (S.D. Ohio 2006). A direct contradiction is disregarded unless the party in opposition to summary judgment offers sufficient justification. If the contradiction is not direct, the statement is accepted unless it is an effort to fabricate a sham factual dispute. *Id*.

When Plaintiff filed her complaint [1] on May 27, 2010, she did not allege that she had spoken with AFSD Coggin before her termination. Plaintiff's deposition on November 7, 2011 claimed that the conversation occurred, but did not specify the content. [64-1]. In fact, Plaintiff did not claim that she reported gender discrimination and retaliation to AFSD Coggin until she filed her objection to the R&R on May 18, 2013. Defendant filed its motion for summary judgement on February 3, 2012 [38] and the Magistrate Judge made a ruling on April 26, 2013. [61].

Plaintiff did not provide evidence that discrimination and retaliation were discussed with AFSD Coggin until after the Magistrate Judge recommended that Defendant be granted summary judgment. Therefore, the Court will not now consider the substance of the conversation.

As to TSM Cooksey, the supervisor who recommended Plaintiff's termination, Plaintiff has consistently claimed that she talked to him about gender discrimination and retaliation. (EEOC Complaint of D. Snow at 79, ¶ 3 [51-18]). However, as explained below, she fails to meet the other components necessary to establish a prima facie case of retaliation.

11

### iii. Adverse Employment Action

Adverse employment action is a "materially adverse change in the terms and conditions of employment [that] must be more disruptive than a mere inconvenience or an alteration of job responsibilities . . . ." *Novotny v. Elsevier*, 291 F. App'x 698, 703 (6th Cir. 2008) (quoting *Hollins v. Atlantic Co.*, 188 F.3d 652, 662 (6th Cir. 1999)). This includes termination of employment. *See Kincade v. Firestone Tire & Rubber Co.*, 694 F. Supp. 368, 400 (M.D. Tenn. 1987).

Plaintiff is correct that her termination is an adverse employment action.

### iv. Casual Connection

"The burden of establishing a prima facie case in a retaliation action is not onerous, but one easily met." *Id*. at 525-526. "The plaintiff must produce sufficient evidence for a reviewing court to infer that the employer would not have taken the adverse action had the plaintiff not filed a discrimination action." *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 582-583 (6th Cir. 2000). "No dispositive factor is required to show the causal connection. For example, evidence that Plaintiff was treated differently from similarly-situated employees may suffice." *Nascimento v. Univ. of Cincinnati*, 2010 WL 3037124, at *7 (S.D. Ohio 2010).

### a. Temporal Proximity

"Where some time elapses between when the employer learns of a protected activity and the subsequent adverse employment action, the employee must couple temporal proximity with other evidence of retaliatory conduct to establish causality." *Mickey v. Zeidler Tool and Die Co.*, 516 F.3d 516, 525 (6th Cir. 2008). Plaintiff contends that her employment termination, ten days after her conversation with AFSD Coggin, during which she discussed her gender discrimination and

retaliation concerns, shows that TSA retaliated against her. (TSA Termination Letter for D. Snow [51-34]).

The Magistrate Judge is correct in finding that Plaintiff's emphasis on this time period is misplaced. Plaintiff first complained about gender discrimination to TSA supervisor Isaac Curry in January or February 2008, yet she was not fired until July 23, 2008. Such a long time period is insufficient to establish causation on its own. Plaintiff must offer additional evidence of retaliatory conduct.

### b. Similarly-Situated Employee

To be similarly-situated, a plaintiff and coworker have to engage in similar conduct and deal with the same supervisor. *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992). Nonetheless, the Sixth Circuit has explained that the supervisory inquiry is not always appropriate. *Louzon v. Ford Motor Co.*, 2013 WL 2398042 at *7 (6th Cir. 2013) (quoting *Bobo v. United Parcel Serv., Inc.*, 665 F.3d 741, 751 (6th Cir. 2012)). The "same supervisor" assessment is not a rigid requirement. *Id.* (quoting *Bobo*, 665 F.3d at 751). "To be deemed similarly situated, the individuals with whom the plaintiff seeks to compare his treatment must have been the same in all relevant aspects." *Kumar v. Aldrich Chem. Co.*, 2012 WL 5879781, *10 (S.D. Ohio 2012).

Dominique Aldridge, a trial employee, was disciplined for failing to follow an order in a manner similar to Plaintiff. She did not make a gender discrimination complaint and was allowed to continue her employment. (R&R at 20 [61]). The Magistrate Judge found that Plaintiff and Aldridge were not similarly-situated because they had different supervisors. (*Id.* at 21). Plaintiff claims they were similarly-situated because they both could only be fired by AFSD Coggin. (Depo. of TSM Cooksey at 134 [38-3]).

13

Plaintiff and Aldridge were both trial employees, disciplined for not following orders, and ultimately "dealt with" AFSD Coggin. Therefore, they were similarly-situated because they were the same in all "relevant aspects".

Plaintiff has shown that she was treated differently than Aldridge who was similarly-situated. Therefore, she has satisfied the requirement of a casual connection. Since Plaintiff's complaints were protected activities, TSM Cooksey possibly had knowledge, firing is adverse employment action, and a casual connection exists, the Court finds that Plaintiff has alleged a prima facie case of retaliation.

Now that Plaintiff has established a prima facie case, the Court will consider Defendant's non-discriminatory reasons for terminating her employment.

### 3. Defendant's Non-Discriminatory Reasons & Pretext

"After proving the existence of a *prima facie* case, the burden [of production] shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse action." *Abbott v. Crown Motor Co.*, 348 F.3d 537, 542 (6th Cir. 2003) (quoting *Nguyen v. City of Cleveland*, 229 F.3d 559, 562 (6th Cir. 2000)). "If the defendant meets this burden, the plaintiff must then demonstrate by a preponderance of the evidence that the proffered reason was a mere pretext for discrimination by establishing that the proffered reason: 1) has no basis in fact; 2) did not actually motivate the adverse action; or 3) was insufficient to motivate the adverse action". *Id*. "As long as the employer held an honest belief in its proffered reason, 'the employee cannot establish pretext even if the employer's reason is ultimately found to be mistaken, foolish, trivial, or baseless.'" *Seeger v. Cincinnati Bell Telephone Co.*, 681 F.3d 274, 285-86 (6th Cir. 2012) (quoting *Smith v. Chrysler Corp.*, 155 F.3d 799, 806 (6th Cir. 1998)).

The Magistrate Judge found that Plaintiff's employment was terminated because she failed to follow directions and that no official TSA policy makes "Load Position" employees search passengers. (R&R at 23-24 [61]). The Magistrate Judge also found that Plaintiff was a trial employee when she was terminated. (*Id*. at 22-23). Plaintiff argues that Defendant's justification was pretextual and that she did not refuse an order, but rather gave a suggestion. (Letter by Plaintiff [51-4]). She further asserts that her "advice" was correct. (R&R at 21 [61]).

It was reasonable for TSA to terminate Plaintiff's employment for her failure to follow directions. Regardless of whether Plaintiff refused an order or offered a suggestion, she did not search a passenger as instructed. Even if Plaintiff's "advice" was correct, it did not excuse her non-compliance. Although TSA's decision to fire Plaintiff may have been foolish if her "suggestion" were correct, that alone is insufficient to establish pretext coupled with TSA's honest belief in its proffered reason. Thus, summary judgment as to Plaintiff's claim of retaliation based on her employment termination is granted.

**C. Consideration of New Evidence or Arguments**

Defendant contends that this Court should not consider new evidence (Second Declaration of Danielle Snow [64-3]) or arguments (Sections Three and Four of the Plaintiff's Objections at 25-43 [64]) put forth in Plaintiff's objections when she had ample opportunity to present them to the Magistrate Judge. District courts are not required to consider arguments not raised before the magistrate judge. *Ryan v. Malcomb et al.*, 2012 WL 3864005, at *1 (W.D. Mich. 2012). Defendant believes the Magistrate Judge's findings and conclusions should be adopted and the recommended granting of Defendant's Motion for Summary Judgment should be affirmed.

Although Plaintiff's Objection to the Magistrate Judge's R&R [64] includes different information than her earlier filings, there are no substantial changes that this Court relies upon in reaching its decision.

## IV. Conclusion

For the reasons stated above, the Report and Recommendation is **ADOPTED**. Defendant's Motion for Summary Judgment [38] is **GRANTED**. All matters in this case having been resolved, **IT IS ORDERED AND ADJUDGED** that this case is closed.

SO ORDERED.

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: July 11, 2013